IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**CANDACE MAJEDI,**

        Plaintiff,

vs.                                                     Civ. No. 00-1729 DJS/KBM-ACE

**REGENTS OF THE UNIVERSITY
OF NEW MEXICO, et al.,**

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Jerry Daniel Herrera, Sigma Chi Corporation and Sigma Chi Association of the University of New Mexico (Sigma Chi Defendants) Motion to Dismiss filed February 23, 2001. The Court has reviewed the motion, the memoranda submitted by the parties, the pleadings, and the relevant law. The Court finds that the motion is well taken in part and will be granted in part and denied in part.

### BACKGROUND

On December 8, 2000, Plaintiff filed a Complaint for Civil Rights Violations under Color of State Law, [and] for Intentional and for Negligent Tort. On December 27, 2000, Plaintiff filed a First Amended Complaint (Complaint). In the First Amended Complaint, Plaintiff makes the following assertions: Plaintiff is an African-American female. She is a

1

sophomore at UNM, and is studying engineering.  On December 6, 2000, in order to avoid being late for class, Plaintiff parked her car on the parking lot of the Sigma Chi fraternity house.  When she returned to her vehicle at about 12:15pm, she saw approximately twelve white males taping a Nazi swastika to its roof.

The Complaint contains ten counts, nine numbered counts and an alternative Count III.  Eight counts are directed to the Sigma Chi Defendants.  Count I is brought pursuant to 42 U.S.C. Sec. 1983 and alleges a civil rights violation.  Count II is brought pursuant to 42 U.S.C. Sec. 1985 and alleges a civil conspiracy claim against all of the Defendants.  Count III alleges two state law claims; intentional infliction of emotional distress and *prima facie* tort.  Count IV alleges a state law premises liability claim.  Count VI seeks punitive damages.  Count VII seeks declaratory and injunctive relief pursuant to 42 U.S.C. Secs. 1983 and 1985.  Finally, Count IX requests class certification under Fed.R.Civ.P. 23.

In her response to Sigma Chi Defendants' Motion, Plaintiff tends to group the allegations made against all the Defendants together.  In ruling on the Motion, what is important are the allegations made by the Plaintiff against the Sigma Chi Defendants.  A review of the Complaint shows that the Plaintiff asserts the following allegations against the Sigma Chi Defendants:

Paragraphs 8, 9, and 10 allege the jurisdiction and venue requirements.

Paragraph 51 asserts that UNM fraternities "exclude minorities, virtually always exclude females, and foster attitudes and beliefs that are highly supportive of white-male dominated society."  It continues and asserts that "defendant Jerry Daniel Herrera is believed to be of Hispanic origin."

Paragraph 62 asserts that Sigma Chi has "gained somewhat of a national reputation for its illegal activities."

Paragraphs 63-67 allege the stature of the Sigma Chi fraternity and its physical location.

Paragraphs 68-69 assert that Sigma Chi is under UNM's jurisdiction "with respect to law enforcement matters, including parking enforcement"...and that UNM has "authorized Sigma Chi Association of New Mexico to issue parking citations and fines to individuals who infringe on its parking rights."

Paragraphs 70-73 allege that Sigma Chi members engage in illegal conduct and were on "social probation" at the time of the incident for "illegal breaking and entering of another fraternity's premises." These paragraphs further assert that the fraternity is sexist and refers to a 1990 incident and that there is a "prevalence of criminal, fascist, sexist, anti-gay and discriminatory altitudes within the ranks of Sigma Chi fraternity's membership."

Paragraphs 89-94 allege that Plaintiff parked her automobile in the Sigma Chi parking lot and that upon return 12 males were gathered around her vehicle. Plaintiff further alleges that Defendant Bishop with the help of the others taped a Nazi "swastika" on her vehicle.

Paragraph 109 asserts that the Sigma Chi defendants knew or should have known that "Defendant Roger Bishop had been previously convicted in Chama, New Mexico, of Criminal Damage to Property."

In various remaining paragraphs Plaintiff alleges the legal theories she is asserting

against the Sigma Chi Defendants.

**LEGAL STANDARD**

A Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court is not required to accept conclusory allegations or conclusions regarding the legal effect of the facts set out in the complaint. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).

**ANALYSIS**

*Count I (42 U.S.C. Sec.1983)*

Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting "under color of state law." 42 U.S.C. Sec. 1983. In Count I Plaintiff alleges that the Defendants "denied Plaintiff rights and privileges secured to her under the Constitution and laws of the United States of America." First Amended Complaint, para. 112. Plaintiff further alleges that the Sigma Chi Defendants acted under "color of state law" within the meaning of 42 U.S.C. Sec. 1983. Plaintiffs argue that Defendants are state actors because the Regents of the University of New Mexico authorized the Sigma Chi Defendants "to patrol their parking lot and to issue parking citations and fines" and thus acted under "color of state law." First Amended

Complaint, para. 111.

In the reply brief, the Sigma Chi Defendants submitted two affidavits demonstrating that the Regents did not authorize the Sigma Chi Defendants to issue parking citations and fines. Pursuant to Fed.R.Civ.P. 56 the court may consider evidence outside the allegations in the complaint and convert Defendants' motion to dismiss into a motion for summary judgment. Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995). Plaintiff has twenty days from entry of this memorandum opinion and order to file a response to the assertions of the Sigma Chi Defendants on this issue along with any supporting affidavits which comply with the requirements of Fed.R.Civ.P. 56(e).

### *Count II (42 U.S.C. Sec. 1985)*

In Count II Plaintiff alleges that all of the Defendants "conspired and confederated together" to deprive Plaintiff of federally-protected rights in violation of 42 U.S.C. Sec. 1985. A claim for civil conspiracy must be plead with specificity as to all the parties alleged to be involved. But "the nature of conspiracies often makes it impossible to provide details at the pleading stage." 5 C. Wright & A. Miller, Federal Practice & Procedure, 1233 at 257 (2d. Ed. 1990). Plaintiff alleges that 12 men, including Defendant Roger Bishop, gathered around her vehicle. Defendant Bishop is alleged to be a member of the Sigma Chi fraternity. Plaintiff alleges that the events took place in the Sigma Chi parking lot. Plaintiff alleges that the Sigma Chi Defendants had authority to cite parking violators. Plaintiff further alleges that the Sigma Chi Defendants knew or should have known that their members and invitees were not law abiding people. Plaintiff also alleges the Defendants were known to have engaged in illegal activities. Amended Complaint,

Para. 70, 77 and 82. These allegations are sufficient to give rise to an inference that members of Defendant's fraternity conspired to harm Plaintiff. They are also sufficient to allege that the Sigma Chi Defendants knew or should have known of the propensity of their members to engage in unlawful activities. Brever v. Rockwell International Corp., 40 F.3d 1119, 1126-27 (10th Cir. 1994). The Court finds that Plaintiff has sufficiently alleged a cause of action under section 1985 against the Sigma Chi Defendants.

### *Count III (Intentional Infliction of Emotional Distress)*

Plaintiff alleges that the Defendants conduct rose to the level of the tort of intentional infliction of emotional distress. This tort was recognized by the state court in Mantz v. Follingstad, 84 N.M. 473, 505 P.2d 68 (Ct. App. 1972). To prevail the Plaintiff must show that the Defendants' conduct was extreme and outrageous under the circumstances, that the Defendants acted intentionally or recklessly and that as a result of the conduct the Plaintiff suffered severe emotional distress. Coates v. Wal-Mart Stores, Inc. 127 N.M. 47, 57, 976 P.2d 999, 1009 (1999). Plaintiff's claim fails because her Complaint does not allege an intentional act on the part of these Defendants nor does it allege acts which rise to the level of outrageous conduct.

The New Mexico Court of Appeals specifically adopted the Restatement (Second) of Torts @ 46 cmt. h (1965) in deciding cases involving an alleged intentional infliction of emotional distress. The Restatement describes the tort in this way: that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Padwa v. Hadley 127 N.M. 416, 981 P.2d

1234 (Ct. App. 1999) *cert. denied* 127 N.M. 389.  "By characterizing conduct as 'atrocious and utterly intolerable' and 'beyond all possible bounds of decency,' the Restatement sets the threshold at the very highest level for conduct to be considered actionable under the tort of outrage."  Padwa, 127 N.M. at 420,  981 P.2d at1238.

The allegations alleged by Plaintiff and accepted as true on this motion to dismiss simply do not rise to the level necessary to support a claim for intentional infliction of emotional distress.  The allegations against the Sigma Chi Defendants are that Sigma Chi Corporation, Sigma Chi Association of UNM and Defendant Herrera knew and had reason to know of the propensity of their membership for acts of violence, criminality and malicious mischief.  This alleged knowledge does not amount to the type of conduct which has been found to establish liability under the tort. Wilson v. Bellamy, 105 N.C. App. 446, 414 S.E. 2d 347 (1992)(sexual battery alone does not constitute the required extreme and outrageous conduct required); Schuler v. McGraw-Hill Co., Inc., 989 F. Supp. 1377 (D. N.M. 1997) *cert. denied* 525 U.S. 1020 (1998) (referring to Plaintiffs transsexual status is not extreme or outrageous conduct); EEOC v. MTS Corp. 937 F. Supp. 1503 (D. N.M. 1996)(owners statement referring to employee with AIDS that people with AIDS should be placed in colonies is not extreme and outrageous conduct).

Further, the law requires that Defendants acted intentionally or recklessly.   Intent as used in the Restatement of Torts refers to the "consequences of an act rather than the act itself."  Restatement (Second) Torts @ 8A .   The example given in the Restatement is helpful.  "When an actor fires a gun in the midst of the Mojave Desert, he intends to pull the trigger; but when the bullet hits a person who is present in the desert without the actors

knowledge, he does not intend that result." Restatement (Second) of Torts @ 8A cmt. a. There is a difference between reckless conduct and intentional conduct. If one is reckless, one does not intend the harm but realizes or "should realize that there is a strong probability that harm may result..." Restatement (Second) of Torts @ 500 cmt. f.

In this matter there are no allegations of conduct by the Sigma Chi Defendants to satisfy the element of intent or reckless conduct. There are no allegations that these Defendants engaged in any conduct directed at the Plaintiff. Rine v. Sabo 113 Ohio App.3d 109, 119, 680 N.E.2d 647 (1996)(In upholding the court's dismissal of Plaintiff's claim for intentional infliction of emotional distress the court finds that the fraternity is not liable because, *inter alia*, there was no evidence that the fraternity ordered its members to engage in the wrongful conduct and that the actions were "anything more than random occurrences...")

### *Alternative Count III (Prima Facie Tort)*

Plaintiff alleges that the Sigma Chi Defendants "committed the tort of Prima Facie Tort in that the acts complained of, to the extent that they were otherwise lawful, were intentional, willful, malicious, sadistic, shocking to the conscience, beyond the pall of any conduct tolerated by civilized society and were calculated to inflict harm and did in fact inflict harm on the plaintiff." First Amended Complaint, para. 121. The elements of *prima facie* tort are 1) an intentional and lawful act, 2) an intent to injure the plaintiff, 3) injury to the plaintiff as a result of the intentional act, and 4) the absence of justification for the injurious act. Schmidt v. Smentowski, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). As discussed *supra*, there are no allegations of any intentional act on the part of the Sigma

Chi Defendants. There are no allegations of any intent on the part of these Defendants to do a wrongful act.

Plaintiff argues in her Response that her complaint is "full of allegations of the Sigma Chi Defendants knowledge and complicity in acts and omissions maintaining and harboring racist and delinquent individuals, 'covering up' criminal acts, acts of harassment, acts of vandalism and other, similar acts, interacting with University of New Mexico officials in such a manner as to further an atmosphere of racism, sexism and hostility, as well as overall criminality, and numerous like acts and omissions." Response, p. 14. This assertion does not meet the element of intent. It is not an assertion of intent to do a lawful act which resulted in harm to the Plaintiff. It is not an assertion that these Defendants had any intent to harm the Plaintiff. Further, the allegation, that Plaintiff so heavily relies on that the Defendants knew or should have know that Defendant Bishop was convicted on a property crime, does not meet any of the elements of this cause of action.

### *Count IV (Premises Liability)*

Plaintiff alleges that the Sigma Chi Defendants had a duty to protect the Plaintiff, a foreseeable invitee, from known risk and dangers and to warn her of any risk and dangers. First Amended Complaint, para . 124. Plaintiff also alleges that the Sigma Chi parking lot is designated for the exclusive use of its members. Id. at para. 88. Plaintiff, by her own admissions in the Complaint, is a trespasser in this matter. "A trespasser is a person who enters or remains upon the premises of another without the [express] [or] [implied] permission of the [owner] [occupant] of the premises." U.J.I. 13-1301. The duties to trespassers are outlined in the New Mexico Uniform Jury Instructions. Ford v. Board of

County Commissioners, 118 N.M. 134, 139 n.4 879 P.2d 766, 771 n.4 (1994) (The Supreme Court affirmed that the duty of care owed to a trespasser is as set forth in U.J.I. 13-1305 to1307.)  New Mexico recognizes a duty to trespassers only under certain conditions which do not apply in this case.  New Mexico U.J.I. 13-1305 does not apply because it deals with artificial condition on premises.  New Mexico 13-1306 does not apply because it deals with activities of the owner, none of which were going on at this time.  New Mexico 13-1307 does not apply because that deals with natural conditions on the land.  Thus, under the facts alleged in this matter, the Sigma Chi Defendants are not liable to the Plaintiff on a theory of premises liability.

Plaintiff argues that Defendants owe Plaintiff a duty of ordinary care and cites to Latimer v. City of Clovis, 83 N.M. 610, 611, 495 P.2d 788, 794 (Ct. App. 1972).  The instructions relied on by the Latimer court have been superceded by the jury instructions cited above.  Maldonado v. United States of America, 893 F.2d 267, 270 (10th Cir. 1990).

### *Remaining Claims against the Sigma Chi Defendants*

Plaintiff seeks punitive damages in Count VI. The Court will deny Plaintiff's motion to dismiss this count at this time as being premature.

Plaintiff was also seeking declaratory and injunctive relief in Count VII pursuant to 42 U.S.C. Secs. 1983 and 1985 which are dismissed.  Plaintiff did not allege nor could she allege, a "real and immediate threat" of future harm.  City of Los Angeles v. Lyons 461 U.S. 95, 105 (1983).  Plaintiff did not allege nor could she allege "continuing, present adverse effects."  Id. at 201.  Plaintiff's request for declaratory relief likewise must be dismissed because Plaintiff did not allege "sufficient immediacy."  Norvell v. Sangre de

<u>Cristo Development Company, Inc.</u>, 519 F.2d 370, 378 (10th Cir. 1975).

Finally, Plaintiff makes a claim for class certification in Count IX. Plaintiff argues that she has not had the opportunity to engage in discovery on this claim. Thus, the court will deny Defendants motion to dismiss this claim.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Jerry Daniel Herrera, Sigma Chi Corporation and Sigma Chi Association of the University of New Mexico Motion to Dismiss is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Count III, Alternative Count III, Count IV and Count VII are dismissed with prejudice.

**FINALLY IT IS ORDERED** that Plaintiff has twenty days from entry of this memorandum opinion and order to file a response to the assertions of the affidavits submitted by the Sigma Chi Defendants along with any supporting affidavits which comply with the requirements of Fed.R.Civ.P. 56(e).

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**