IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CANDACE MAJEDI,**

      Plaintiff,

vs.                                              Civ. No. 00-1729 DJS/KBM-ACE

**REGENTS OF THE UNIVERSITY
OF NEW MEXICO, et al.,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendants' Jerry Daniel Herrera, Sigma Chi Corporation and Sigma Chi Association of the University of New Mexico (Sigma Chi Defendants) Motion to Dismiss filed February 23, 2001 and the Court's Memorandum Opinion and Order filed May 23, 2001. The remaining issue is Defendants' Motion to Dismiss Count I. Plaintiff alleges that the Defendants denied "Plaintiff (sic) rights and privileges secured to her under the Constitution..." under "color of state law." Amended Complaint, paras. 111 and 112. Plaintiff argues that Defendants are state actors because the Regents of the University of new Mexico authorized the Sigma Chi Defendants "to patrol their parking lot and to issue parking citations and fines" and thus acted under "color of state law." Id. In the reply brief, the Sigma Chi Defendants submitted two affidavits demonstrating that the Regents did not authorize the Sigma Chi Defendants to issue

1

parking citations and fines. Pursuant to Fed.R. Civ.P. 56 the court permitted the Plaintiff to file a response to the assertions of the Sigma Chi Defendants along with supporting affidavits.

Summary judgment is only proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The inquiry is "whether...there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). All doubts should be resolved against the moving party and all evidence and the reasonable inferences drawn therefrom should be construed in light most favorable to the non-moving party. Eastman Kodak Co. v. Image Tech. Servs. Inc., 504 U.S. 451, 456 (1992); Anderson, 477 U.S. at 255.

The Court finds that the affidavits submitted by the Plaintiff provide sufficient evidence to raise genuine issues of material fact as to whether the Defendants were acting under "color of state law." Attached to the affidavit of Brandon Cummings are photographs of signs which indicate that only Sigma Chi members may park in the area and that unauthorized parking will result in a fifty-dollar ($50.00) fine. Affidavit, Brandon Cummings, June 13, 2001, para. 3. Further, the affidavit offers evidence that the University of New Mexico has authorized fraternities to issue fines to anyone that parks on fraternity premises. Id. at para 6.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Dismiss Count I of Plaintiff's Amended Complaint is denied.

**IT IS FURTHER ORDERED** that the stay of proceedings is lifted in this matter and new deadlines shall be established.

```
_____
Don J. Svet
UNITED STATES MAGISTRATE JUDGE
```