IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CANDACE MAJEDI, individually
and as proposed class representative,**

      Plaintiff,

vs.                                        Civ. No. 00-1729  DJS/KBM-ACE

**REGENTS OF THE UNIVERSITY
OF NEW MEXICO, in their official
and individual capacities, et al.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Jerry Daniel Herrera, Sigma Chi Corporation and Sigma Chi Association of the University of New Mexico (Sigma Chi Defendants) Motion for Summary Judgment filed January 22, 2002. Defendants assert they are entitled to summary judgment on the grounds that the facts do not demonstrate any meeting of the minds; that the Sigma Chi Defendants are not state actors and did not act under color of state law; and the Sigma Chi Defendants are not liable for the actions of Defendant Bishop. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is well taken and will be granted.

### Summary Judgment Procedure[1]

---

[1] Plaintiff argues that it was improper for Defendants to file this motion because an earlier motion had been denied. "A second motion for summary judgment is proper after a prior motion is dismissed, if supported by new material." Lindsey v. Dayton Hudson Corp., 592 F.2d 1118 (10th Cir. 1979). Defendants

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. (*citing* Anderson, 477 U.S. at 248).

When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. Applied Genetics Intl, Inc v. First Affiliated Secur., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The party moving for summary judgment bears the burden of showing-- that is, point out to the district court--that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). When the moving party makes this showing, it shifts the burden to the non-movant to come forward with evidence that there is a genuine issue of material fact. Bacchus Indus Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the pleadings. Id. "[T]he nonmoving party must, at a minimum, direct the court to facts which establish a genuine issue for trial. White v. York Intl. Corp., 45 F.3d 357, 360 (10th Cir. 1995) Those facts must be specific and be supported by reference to specific exhibits in the record. Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000).

---

```
presented new material.  Thus, the motion is not improper.
```

Conclusory and self serving statements are ineffective for summary judgment purposes. "Under Fed.R.Civ.P. 56(e), only statements 'made on personal knowledge' will support a motion for summary judgment; statements of mere belief must be disregarded." Tavery v. United States, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994). Conclusory and self-serving statements are similarly disregarded. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).

Pursuant to Local Rule 56 a summary judgment movant must set out facts, by number, as to which the movant contends no dispute exists. D.N.M.LR-Civ. 56.1(b). Each numbered fact must contain a citation to the record to support the stated proposition. Id. In response, the non-movant must provide a concise statement of the facts as to which the nonmovant believes an issue of fact exists. Each fact in dispute must be numbered and must be referred to with particularity to the portions of the record upon which the non-movant relies to establish a dispute. Id. If the non-movant fails to specifically controvert the movants purposed statement of material facts, the movants' facts will be deemed admitted. Id.

Plaintiff's response did not include a section discussing Defendant's statement of facts, as contemplated by Local Rule 56. Plaintiff did not list the facts she alleges are in dispute. Plaintiff referred to only one of Defendant's Undisputed Facts in her section entitled "Statement of Material Facts in Dispute." In the "Statement" section Plaintiff adds 17 statements of fact. Thus, it is difficult to determine which facts Plaintiff contends are disputed. This violates the specific requirements of Local Rule 56. Finally, Plaintiff does not explain exactly which facts she believes support a particular element of her claim.

3

**Background**

These facts are undisputed or not specifically controverted and thus admitted by the Plaintiff. D.N.M.LR-Civ. 56.1(b). Plaintiff is a student at the University of New Mexico (UNM). On December 6, 2000 Plaintiff parked her vehicle in the Sigma Chi Fraternity parking lot. When she returned a swastika shape was taped to the roof of her vehicle. A note was left on her vehicle which read:

> "Since you have nothing to do with this fraternity, you are not allowed to park here. Next time I see this car here you will be towed. Go buy a parking pass you cheap bitch. By the way, I have no problem with hitting lesbians."

In addition, someone put gum in the lock of the driver's side door of Plaintiff's vehicle and put tape on Plaintiff's windshield. There is a sign in the Sigma Chi Fraternity parking lot which says "Sigma Chi Parking Only, Violators Towed at Owners Expense, $50 fine."

Defendant Jerry Herrera is President of the Sigma Chi Association of the University of New Mexico. Defendant Roger Bishop, a member of the Sigma Chi fraternity, admitted that he taped the swastika shape to the roof of Plaintiff's vehicle. He also admitted that he left the note on Plaintiff's vehicle as described above. Mr. Herrera and Mr. Bishop did not know each other until after December 6, 2000.

**Civil Conspiracy; Count II (42 U.S.C. § 1985)**

In Count II Plaintiff alleges that all of the Defendants "conspired and confederated together" to deprive Plaintiff of federally-protected rights in violation of 42 U.S.C. § 1985. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which

4

is an agreement between the parties 'to inflict a wrong against or injury upon another' and 'an overt act that results in damage.'" Rotermund v. United States Steel Corp., 474 F.2d 1139, 1145 (8th Cir. 1973). A civil conspiracy requires a meeting of the minds or agreement among the defendants and concerted action. Abercrombie v. City of Catoosa 896 F.2d 1228, 1230 (10th Cir. 1990). Independent parallel behavior is insufficient to establish a conspiracy.

Plaintiff asserts that the fact that Defendant Bishop taped a swastika and threatening note to Plaintiff's car and that a John Doe Defendant, placed gum into Plaintiff's door lock create issues of disputed fact. Plaintiff also relies on her observation that numerous members of the Sigma Chi fraternity surrounded her car. In addition, Plaintiff relies on an affidavit of a member of the Kappa Sigma fraternity, David Z. Ring VI stating that after the incident he was at a party in which two members of the fraternity claimed to have participated in the incident underlying this lawsuit.

Plaintiff's asserted facts are not evidence of an agreement or concerted action by anyone and certainly not between the Sigma Chi Defendants and Defendant Bishop. Id. ("Without any evidence of communication between [the defendants], there is nothing to give rise to the inference that they conspired.") Plaintiff has submitted no evidence that the Sigma Chi Defendants had any conversation or acted in concert with Defendant Bishop on December 6, 2000 about Plaintiff's vehicle or parking problems. Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980)("bald claims" that certain Defendants conspired with each other are insufficient). The evidence is undisputed that Defendants Herrera and Bishop did not meet each other until after December 6, 2000. The fact that more than one

5

individual participated in an alleged constitutional violation is not sufficient evidence of acting in concert.

## Violation of Civil Rights; Count I (42 U.S.C. § 1983)

### *State Action*

In Count I Plaintiff alleges that the Defendants "denied Plaintiff rights and privileges secured to her under the Constitution and the laws of the United States of America." First Amended Complaint, ¶ 112. Section 1983 was enacted to create a federal cause of action to vindicate alleged violations of federal law committed by individuals acting under color of state law. Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). To prevail, Plaintiff must prove Defendants are state actors.

Plaintiff argues that Defendants are state actors because the Regents of the University of New Mexico authorized the Sigma Chi Defendants "to patrol their parking lot and to issue parking citations and fines" and thus acted under "color of state law." First Amended Complaint, ¶111. In the affidavits submitted by the parties, it appears Plaintiff and the Sigma Chi Defendants agree that the property on which the underlying event occurred was on private property. Defendants submitted evidence that the chapter house and property is owned by the Sigma Chi Association of UNM and states that it is private property. Plaintiff submitted evidence that Sigma Chi Corporation is the owner of the property. Statement of Material Facts in Dispute, No. 11., Response. Thus it appears that the dispute over whether UNM delegated any parking authority to Sigma Chi is of no consequence. It appears that UNM would not have the authority to delegate parking citations and fines responsibility to the Sigma Chi Defendants, since it has no authority

over private property.

Plaintiff submitted an affidavit by Mr. Ring. Mr. Ring met the Plaintiff in an engineering class. He is a member of the Kappa Sigma fraternity. Mr. Ring stated in his affidavit that UNM Parking Enforcement delegated parking authority to the Kappa Sigma fraternity. His statement is hearsay and not relevant to the issues in this lawsuit since there is no admissible evidence that UNM Parking Enforcement delegated parking authority to the Sigma Chi fraternity. Thus, there is no evidence that the Sigma Chi Defendants are state actors.

Plaintiff argues that Defendant Herrera, one the Sigma Chi Defendants, is a state actor because he supervised and instructed Sigma Chi members on matters related to parking. There is no evidence supporting that assertion. The only evidence on the matter is to the contrary. Defendant Bishop testified in his deposition that "[Herrera] was always getting on the Sigma Chi members to do better, not to park in the lawn, stuff like that." Deposition of Bishop, p. 77. Attempts to obtain rule compliance from fraternity members does not make Herrera a state actor within the meaning of §1983.

*Color of State Law*

Even if the Court assumes Defendants are state actors, Plaintiff cannot prevail. Plaintiff must also demonstrate with admissible evidence that the Defendants acted under color of state law. For color of law to attach, there must be a real nexus between the official's use or misuse of their authority as an officer and the alleged violation. Jojola 55 F.3d at 492 (10th Cir. 1995) The conduct, which deprives the right, must be in some way related to the authority. There can be no action under color of state law if the challenged

7

conduct is not related in some meaningful way either to the officer's governmental status or to the performance of his duties.  Martinez v. Colon, 54 F.3d 980, 987 (1st Cir.) *cert. denied*  516 U.S. 9871995).   It is the Plaintiff's burden to plead and establish the existence of a real nexus between the Defendants' conduct and the Defendants' "badge of state authority in order to demonstrate action was taken under color of state law." David v. City and County of Denver, 101 F.3d 1344, 1353 (10th Cir. 1996) *cert denied* 522 U.S. 858 (1979). .

In support Plaintiff argues that "all fraternities at UNM have been authorized by Parking Services and by the UNM Police Department to fine the owners of illegally parked vehicles, provided that they maintain signs indicated the violators face a potential fine." Response, p. 11.  This argument is not relevant to the issue of "color of state law."  There is no evidence that Defendant Bishop was issuing a citation or imposing a fine on the Plaintiff when he taped a swastika on the roof of Plaintiff's vehicle and windshield and taped a note on the window.  Defendant Bishop testified that he was frustrated because he wanted to move his car but was blocked by Plaintiff's vehicle.  It is therefore clear that the conduct was not related to any alleged authority to cite parking violators.  Rather it was an attempt and resort to self-help and perhaps an ill-conceived attempt at retribution for a personal affront.[2]  Defendant Bishop specifically testified that he put the swastika on because he was joking around with his friends.  Bishop deposition, p. 100.  "It was just for

---

[2]The Court's description of Bishop's conduct is not to be taken as approval of the acts described.  They are offensive and insensitive, and should give one pause as to whether the actor is qualified for attendance at an institution of higher learning.

8

their amusement, just like shock value for their amusement." Id. at 104. There is no evidence that Defendant Bishop was in the process of monitoring parking, citing violators, and/or towing a violator's vehicle at the time of the incident.

Finally, Plaintiff alleges that the Sigma Chi Defendants are liable for the conduct of Defendant Bishop because an agency relationship exists between the Sigma Chi Defendants and Defendant Bishop. The Court finds no basis for Plaintiff's claim against the Sigma Chi Defendants because Plaintiff cannot establish an underlying constitutional violation. Webber v. Mefford, 43 F.3d 1340 (10th Cir. 1994; Heno v. Sprint, 208 F.3d 847 (10th Cir. 2000)("...a verdict exonerating an agent while holding his principal liable for his actions would be an inconsistent resolution of factual questions..."); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242 (D. Kan. 1998) *aff'd* 153 F.3d 726 (10th Cir.) *cert denied* 525 U.S. 1110 (1999)("Official capacity suit...[is] an action against an entity of which an officer is an agent. The court finds no basis for plaintiff's claim against...members of the Board of Commissioners in their official capacities because Plaintiff cannot establish an underlying constitutional violation.)

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**